UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHE SMITH-VARGA

    Plaintiff,

v.                                                      Case No.: 8:13-cv-00198-EAK-TBM

ROYAL CARIBBEAN CRUISES, LTD.,
a foreign corporation,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES

This cause is before the Court on Plaintiff's Motion to Remand and for Attorneys' Fees (Doc. 8), as well as the Memorandum In Opposition to Motion to Dismiss and Compel Arbitration (Doc 9), and Defendant's response thereto (Doc. 10). For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**, and Plaintiff's Motion for Attorneys' Fees is **DENIED**.

### PROCEDURAL HISTORY AND BACKGROUND

On October 25, 2012, Plaintiff, Tashe Smith-Varga filed her complaint against Royal Caribbean Cruises, Ltd. in state court in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging negligence under the Jones Act, and failure to provide prompt medical care and also maintenance and cure under General Maritime Law

(Doc. 2). These claims arose from an injury sustained during a performance as an ice skater pursuant to a Sign On Employment Agreement ("employment agreement"). That agreement contained an arbitration procedure, and following sundry events and orders in the state court, on January 18, 2013 the case was removed to federal court with the filing of Defendant 's Notice of Removal of Civil Action Pursuant to 9 U.S.C. § 205 (Doc. 1). Also filed that day was Defendant's Motion to Dismiss and Compel Arbitration and Memorandum of Law in Support Thereof (Doc. 3) and Defendant Royal Caribbean Cruises Ltd.'s Amended Answer and Affirmative Defenses to Plaintiff's Complaint and Motion to Strike (Doc. 7).

On February 5, 2013, Plaintiff filed Motion to Remand and for Attorneys' Fees (Doc. 8), as well as a Memorandum in Opposition to Motion to Dismiss and Compel Arbitration (Doc. 9). Defendant's Response in Opposition to Plaintiff Motion to Remand and for Attorneys' Fees and Memorandum in Support Thereof (Doc. 10) was filed with this Court on February 19, 2013.

Plaintiff's Motion to Strike (Doc. 11) a large portion of Defendant's Response (Doc. 10), filed Feb. 20, 2013, was answered by Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Remand and for Attorneys' Fees and Costs (Doc. 12), filed on March 1, 2013.

Defendant alleges the following in its Motion to Dismiss and Compel Arbitration: Plaintiff and Defendant entered into a contract, an employment agreement for a revue cast ice skater aboard the vessel Voyager of the Seas, on February 28, 2010; Plaintiff claims she sustained an injury during a performance on April 12, 2010, while off the

coast of Mexico; Plaintiff was subsequently treated on the ship, then again some time later in Italy while in port there; and Defendant is incorporated in Liberia, and the ship's registry is Bahamian.

## LEGAL STANDARD

To succeed with a removal action, the party asserting federal jurisdiction bears the burden of establishing proof of jurisdiction by a preponderance of the evidence. *See Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1209 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery,* 553 U.S. 1080 (2008). Further, since removal impacts state sovereignty and implicates concerns of federalism, removal statutes must be construed narrowly, with the presumption in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

This Court is empowered to compel arbitration pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 203, which is codified within Chapter 2 (the "Convention") of the Federal Arbitration Act. *See Bautista v. Star Cruises,* 396 F.3d 1289, 1294 (11th Cir. 2005). To decide whether to order arbitration, the Court conducts a "limited jurisdictional inquiry . . . colored by a strong preference for arbitration." *Id.* at 1301. The Court must consider whether four jurisdictional prerequisites are met. *Id.* at 1294. Specifically, there must be an agreement in writing within the meaning of the Convention; the agreement must provide for arbitration in the territory of a signatory of the Convention; the agreement must arise out of a commercial legal relationship; and a party to the agreement must not be not an

American citizen, or the commercial relationship must have some reasonable relation with one or more foreign states. *Id.* at 1295, n. 7.

## ANALYSIS

The parties in this matter dispute the alternative fourth prerequisite for jurisdiction, that the "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202. The Convention is explicit that "a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States." *Id.* Thus, Defendant, with its principal place of business in Miami, is a citizen of the United States, as is Plaintiff, and removal to jurisdiction of this Court must fail unless Defendant alternatively shows by a preponderance of the evidence that the legal relationship has some reasonable relation with a foreign state. The legal relationship may be "a transaction, contract, or agreement," *Id.*, and here the employment agreement between the parties is the defining written document.

The Bahamian flag of the vessel specified in the agreement does not establish a foreign connection, per § 202. *Matabang v. Carnival Corp.*, 630 F. Supp. 2d 1361, 1367 (S.D. Fla. 2009). Instead, though the ship sails the high seas, there is significant connection evidenced with the United States. Plaintiff was paid in U.S. dollars. The place of sign on for Plaintiff was Galveston, Texas, which was also home port of the vessel, and the port for commencement and end of all voyages during the period of the agreement. Plaintiff stated she was assigned specific additional duties to be performed in Galveston in addition to her role as an ice skater. These duties included assisting

4

passengers in safety drills, guiding passengers regarding disembarkation, and to be on board and on call during "port manning." In contrast, no work was designated in the agreement to be performed on foreign soil.

Merely calling on foreign ports or setting foot on foreign soil does not create a foreign connection under the Convention. *See Wilson v. Lignotock U.S.A., Inc.*, 709 F. Supp. 797, 799 (E.D. Mich. 1989) (ruling that several European business trips were incidental to contract calling for performance in the United States, so contract did not fall under the Convention). *Compare Lander Co., Inc. v. MMP Investments, Inc.*, 107 F.3d 476, 482 (7th Cir. 1997) (two United States corporations subject to the Convention because the distribution agreement performance was exclusively in Poland).

Moreover, the high seas are not to be considered "abroad" by default. In *Ensco Offshore Co. v. Titan Marine L.L.C.*, 370 F. Supp. 2d 594 (S.D. Tex. 2005), a dispute arose out of a contract to salvage an oil rig in international waters ninety miles south of Louisiana. The court determined that the Convention did not apply, *Id.* at 601, having examined the legislative history and finding "indication that the language of § 202 was taken from the Uniform Commercial Code, [such] language suggesting that the term 'abroad' specifically refers to a connection with a foreign state." *Id.* at 600. *Compare Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327 (5th Cir. 2004), where it was held the Convention did apply because the agreement "'envisage[d] performance abroad'—the performance of pipefitting services on . . . barges" off the coast of Nigeria. *Id.* at 340-41.

5

Finally, foreign arbitration sites and choice of law provisions do not themselves establish a foreign connection. "[L]ike the arbitration clause, the choice of law provision was created by the parties themselves, does not represent an independent connection . . . and simply does not infuse the parties' relationship with transnational elements of sufficient moment to invoke this Court's jurisdiction under the Convention." *Reinholtz v. Retriever Marine Towing & Salvage*, 92-14141-CIV, 1993 WL 414719 at *5, (S.D. Fla. May 21, 1993) *aff'd sub nom. Reinholtz v. Retriever Marine*, 46 F.3d 71 (11th Cir. 1995); "[i]t is not sufficient that English law was to be applied in the resolution of the salvage dispute and that the arbitration proceeding was to be held before an English arbitrator in England." *Jones v. Sea Tow Servs. Freeport NY Inc.*, 30 F.3d 360, 366 (2d Cir. 1994); "[t]his Court, therefore, concludes that, despite the federal policy favoring arbitration, upholding a foreign arbitration provision in an agreement between two U.S. citizens would thwart the stated public policy of Congress in enacting § 202. In other words, parties cannot contract around § 202." *Ensco Offshore Co. v. Titan Marine L.L.C.*, 370 F. Supp. 2d 594, 600 (S.D. Tex. 2005). In the case at bar, the employment agreement, just by calling for arbitration in Miami or Oslo, Norway, or any other place agreed by the parties, and by applying the law of Norway, does not itself create an agreement subject to the Convention.

Beyond the foreign locations just cited supra, there are no references anywhere in the employment agreement to foreign states. There is nothing close to it other than a requirement for Plaintiff to possess a valid passport, and a policy of Defendant to cooperate with officials in the investigation and prosecution of potential sexual

misconduct "regardless of where in the world the ship is located." The relationship between Plaintiff and Defendant involves no property located abroad, envisages no significant performance or enforcement abroad, and has no reasonable relationships with one or more foreign states. Accordingly, this Court finds that the fourth jurisdictional requirement is not met and, therefore, this Court must remand this case to state court.

Plaintiff also requests sanctions be imposed to require Defendant to pay attorneys' fees and costs for improper removal to this Court, as "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts may award fees and costs incurred as a result of removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. Defendant's actions do not fail this test, and award of attorneys' fees and costs is therefore improper. Accordingly it is

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED**, and Plaintiff's Motion for Attorneys' Fees is **DENIED**. All pending motions, not otherwise ruled on, are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to remand this matter to the appropriate state court.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 18th day of June 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.